ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

IVORY JOSEPH SIMMONS,

    Plaintiff,

v.

TONY TANNER, Police Chief; TERESA
GRANT, Detective; Officer CODY G.
CARTER; Sgt. ARVIE D. DYAL;
Sgt. ROBERT H. BOYETT; T. LUCAS;
Officer HUNT; Officer CASWELL,
and Officer R. DAVIS,

    Defendants.

CIVIL ACTION NO.: CV506-091

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Ware County Jail in Waycross, Georgia, has filed a complaint pursuant to 42 U.S.C.A. § 1983 alleging certain constitutional violations by members of the Waycross Police Department. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to inmate complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on May 20, 2006, he was arrested by Waycross police on suspicion of committing a burglary at a local convenience store. Plaintiff first asserts that Defendant Lucas violated his First Amendment rights during this arrest "by telling me to shut up or I'll shoot you in the face with this taser." (Doc. No. 1, p. 8). It is clear that although freedom of speech is not absolute, it is "protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." <u>Terminiello v. City of Chicago</u>, 337 U.S. 1, 4, 69 S. Ct. 894, 896, 93 L. Ed. 1131 (1949). An arrest is considered improper punishment for the exercise of free speech. <u>Norwell v.</u>

2

City of Cincinnati, 414 U.S. 14, 16, 94 S. Ct. 187, 188, 38 L. Ed. 2d 170 (1973). The Eleventh Circuit has also required that police officers "absorb a certain amount of abuse without retaliating physically," Lamar v. Banks, 684 F.2d 714, 719 n.13 (11th Cir. 1982), and the Supreme Court has noted that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers," City of Houston v. Hill, 482 U.S. 451, 461, 107 S. Ct. 2502, 2509, 96 L. Ed. 2d 398 (1987). However, while it is clear that a police officer may not arrest or use excessive force against an arrestee in response to protected speech, it is not clear that the First Amendment places constraints on nonfeasance, or mere threats of punishment. Because Plaintiff does not allege actual punishment in retaliation for his use of any protected speech, he fails to state a First Amendment claim for which relief can be granted.

Plaintiff also vaguely asserts that he was treated unfairly and was discriminated against, "being black and all males were white," and that this violated his Fourteenth Amendment rights. The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996). However, to prevail on a selective enforcement claim, a plaintiff must present evidence that individuals of a different race could have been subjected to a search of their premises or arrested for the same crime, but were not. Swint v. City of Wadley, 51 F.3d 988, 1000 (11th Cir. 1995). Bald assertions of racial discrimination cannot support a § 1983 claim. A plaintiff must do more than make conclusory allegations that officers arrested plaintiff on the basis of his race alone. Plaintiff has failed to present any facts, beyond his own suspicions that the

officers' actions were racially motivated, to support his claim of racial discrimination. Therefore, it is recommended that Plaintiff's equal protection claim be dismissed.

Finally, Plaintiff names as defendants Police Chief Tony Tanner, Sergeant Robert H. Boyett, Officer Hunt, and Officer R. Davis. However, Plaintiff fails to make any factual allegations against these individuals. It appears that Plaintiff seeks to hold these Defendants liable based solely on their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Thus, Plaintiff's claims against Defendants Tanner, Boyett, Hunt, and Davis should be dismissed.

Plaintiff's additional claims against Defendants Grant, Carter, Lucas, Caswell, and Dyal are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's First Amendment claim and his Equal Protection claim be **DISMISSED**. It is also my **RECOMMENDATION** that all of Plaintiff's claims against Defendants Tanner, Boyett, Hunt, and Davis be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 28th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)